UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rafael Baez, being duly sworn, do hereby depose and state the following:

1.　　I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since August 2009, currently assigned to the HSI Mayaguez Office in Puerto Rico. I graduated from the Criminal Investigator Training Program and the Immigration and Customs Enforcement (ICE) Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received training and have participated in criminal investigations into unlawful importation, possession with intent to distribute, distribution of controlled substances, the laundering of monetary instruments, monetary transactions in property derived from specified unlawful activities and the associated conspiracies to commit such crimes. I have also received training and have participated in criminal investigations, including investigations relating to immigration and financial investigations, among others.

2.　　As a Special Agent, my duties and responsibilities include conducting investigations of alleged manufacturing, distributing or possession of controlled substances (21 U.S.C. 841 (a) (1), importation of controlled substances 21 U.S.C. 952 (a), smuggling of goods into the United States (18 U.S.C. 545) and maritime drug smuggling (46 U.S.C. 70503) among others. My duties also include the enforcement of Immigration and Nationality Laws and regulations to identify, locate, apprehend, and prosecute those individuals involved in the organized smuggling of aliens across the borders into the United States.

3.　　Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information

contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

4. This affidavit contains information necessary to support probable cause. It is not intended to include every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging **Rosa Imelda MORENO-Olvera** with violation of 8 U.S.C. Section 1326(a): Reentry of Removed Alien.

## PROBABLE CAUSE

5. On September 22, 2025, HSI Mayaguez Agents were informed by HSI San Juan Agents about an anonymous tip regarding the illegal presence of a Mexican national, who had been previously removed from Puerto Rico. The tipster identified the subject as **Rosa MORENO-Olvera**.

6. On that same date (September 22), HSI Mayaguez Agents initiated an investigation to into the alleged illegal presence of **MORENO-Olvera** in Puerto Rico (PR) after having been previously removed. Checks conducted on several DHS databases revealed that a Mexican national identified as **Rosa Imelda MORENO-Olvera**, was removed from the U.S. by ICE on November 2, 2024, specifically from Alexandria, Louisiana, and sent back to her home country, Mexico.

7. Later that same date (September 22), HSI Mayaguez Agents were able to locate and identify the alleged residence where **MORENO-Olvera** was staying. The residence was identified as a multi-apartment structure located at road PR-459, Cuatro Calles Sector, Isabela, PR.

8. On September 23, 2025, at approximately 2:10 pm, HSI Mayaguez Agents conducted a "Knock and Talk" at Apartment #4 of the multi-apartment structure. After a brief period, a female subject responded, opened the door and exited the apartment. HSI Agents identified themselves as immigration officers and proceed to interview the subject as to her name, citizenship and nationality.

2

The subject stated that her full name was **Rosa Imelda MORENO-Olvera**, a citizen and national of Mexico and freely and voluntarily admitted to being unlawfully present in the U.S.

9. Subsequently, HSI Agents administratively arrested **MORENO-Olvera** for violation of the Immigration and Nationality Act (INA) and transported her to the ICE Service Processing Center (SPC) in Aguadilla, PR, for processing. Once at the ICE SPC, **MORENO-Olvera's** photograph & fingerprints were taken and entered in different law enforcement database systems. Record checks confirmed that **MORENO-Olvera's** possess prior immigration & criminal history.

9. As to **MORENO-Olvera's** immigration & criminal history:

   (a) On September 16, 2003, **MORENO-Olvera** was encountered by Customs and Border Protection (CBP) at Roma, Texas, Port of Entry during a southbound (outbound to Mexico) inspection. **MORENO-Olvera** admitted to the CBP Officer that she was returning to her home country and that she had entered the U.S. illegally by falsely claiming to be a U.S. citizen at entrance.

   (b) On December 3, 2003, **MORENO-Olvera** was arrested by the Richmond Police Department in Richmond, Texas, and charged with Unauthorized Use of a Vehicle. On February 5, 2004, **MORENO-OLVERA** was found guilty and sentenced to 90 days of incarceration.

   (c) On April 4, 2004, **MORENO-Olvera** was encountered by CBP at Roma, Texas, Port of Entry for falsely claiming to be a U.S. citizen and was administratively processed as an Expedited Removal, being removed from the U.S. back to Mexico on April 5, 2004, through Hidalgo, Texas, Port of Entry.

   (d) On April 11, 2004, **MORENO-Olvera** was again encountered by CBP at Hidalgo, Texas Port of Entry while falsely claiming to be a U.S. citizen and

was administratively processed as an Expedited Removal. Additionally, **MORENO-Olvera** was charged for violation of Title 8 U.S. Code Section 1325(a)(3): Attempted Illegal Entry, found guilty and sentenced to 14 days of imprisonment. Upon release, **MORENO-OLVERA** was removed from the U.S. back to Mexico on April 27, 2004, through Hidalgo, Texas, Port of Entry.

(e)    On September 3, 2024, **MORENO-Olvera** was encountered by ICE – Enforcement and Removal Operations (ERO) Officers while incarcerated at the Bayamon Correctional Institution for Women, in Bayamon, PR. At that time, **MORENO-Olvera** was awaiting judicial proceedings after been charged on September 1, 2024, with domestic violence and possession of a weapon by the Police of Puerto Rico. Following ICE protocols, ERO Officers placed an Immigration Detainer on **MORENO-Olvera**.

(f)    On October 11, 2024, criminal charges were dismissed, and **MORENO-Olvera's** custody was turned over to ICE – ERO Officers as per the Immigration Detainer placed on September 3, 2024.

(g)    On October 11, 2024, **MORENO-Olvera** was administratively charged with violation of the INA Sections 212a2AiI - Conviction or commission of a crime involving moral turpitude, 212a6Ai - Alien present without admission or parole (PWA) and 212a9Ai - Alien previously removed two or more times as an arriving alien (Not aggravated felons). On November 2, 2024, **MORENO-Olvera** was removed from the United States via Alexandria, Louisiana airport back to Mexico.

(h)  In an unknown date, **MORENO-Olvera**, illegally re-entered the U.S. at an unknown location.

## CONCLUSION

10. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I submit that probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit: a violation of Title 8 *United States Code*, Section 1326(a): Reentry of Removed Aliens.

*Rafael Baez*
_____
Rafael Baez
HSI Special Agent

Subscribed and sworn before me pursuant to FRCP 4.1 at 4.1 by telephone, this 2:56 p.m this 29th day of September 2025.

_____
HECTOR RAMOS-VEGA
United States Magistrate Judge
District of Puerto Rico

5